IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00249-KDB

| | |
|---|---|
| ROBERT BRIAN HOLLAND,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Robert Brian Holland's Motion for Summary Judgment (Doc. No. 16) and the Commissioner's Motion for Summary Judgment (Doc. No. 18), as well as the parties' accompanying briefs. Mr. Holland seeks judicial review of an unfavorable administrative decision on his application for Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.

Having carefully reviewed and considered the written arguments, administrative record, and applicable authority, the Court finds that the Commissioner's decision to deny Plaintiff social security benefits is supported by substantial evidence. Accordingly, the court will **DENY** Plaintiff's Motion for Summary Judgement; **GRANT** Defendant's Motion for Summary Judgement; and **AFFIRM** the Commissioner's decision.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

## I. BACKGROUND

Mr. Holland filed his application for Title II Period of Disability and Disability Insurance Benefits on January 22, 2018, alleging disability beginning on February 17, 2017. Tr. at 14.[2] His claims were initially denied on April 5, 2018, and upon reconsideration on August 15, 2018. Tr. at 14. Mr. Holland timely requested a hearing before the ALJ, and a video hearing was held with Administrative Law Judge Jerry Peace presiding on August 6, 2019. *Id*. Judge Peace returned an unfavorable decision on October 18, 2019. *Id.* at 11. Mr. Holland requested review of the ALJ's decision with the Appeals Council ("AC"), which denied review. *Id.* at 5. The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Holland has timely requested judicial review in this Court pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ used the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Holland was disabled during the relevant period.[3] "Disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). At step one, the ALJ found that Mr. Holland had not engaged in substantial gainful

---

[2] Citations to the administrative record filed by the Commissioner are designated as "Tr."

[3] The ALJ must determine the following under the five-step sequential evaluation: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)–(g) and 404.1520(a)–(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite the claimant's limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

activity since the alleged onset date of February 17, 2017.  Tr. at 16.  At step two, the ALJ found that Mr. Holland suffered from the following severe impairments: residuals of bladder cancer, attention deficit hyperactivity disorder ("ADHD"), depression, and anxiety.  *Id.*  At step three, the ALJ found that above-listed impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525–26, 416.920(d), 416.925–26.  *Id.* at 17–18.  The ALJ found that Mr. Holland has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 20 C.F.R. § 416.967(c) with the following restrictions:

> Except he is limited to simple, routine, and repetitive tasks; performed in a work environment free of fast-paced production requirements; involving only simple, work-related decisions; and with few, if any, workplace changes; capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; he can perform simple tasks for two hour blocks of time with normal rest breaks during an eight hour workday; with only occasional interaction with the public and coworkers.

Tr. 18–21.  Based on this RFC and the testimony of the Vocational Expert ("VE"), the ALJ found at step four that Mr. Holland was capable of performing his past relevant work.  *Id.* at 21.  At step five, the ALJ alternatively found that Mr. Holland would be able to perform other jobs existing in significant numbers in the national economy.  *Id.* at 22–23.  Accordingly, the ALJ determined that Mr. Holland was not disabled under the Social Security Act.  *Id.* at 23.

### III. LEGAL STANDARD

District courts review the ALJ's Social Security disability determination pursuant to the standard set out in 42 U.S.C. § 405(g).  The decision of the ALJ must be upheld if the ALJ "applied the correct legal standards" and if the "factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 340 (4th Cir. 2012).  "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted).  Though the "threshold for

such evidentiary sufficiency is not high," it requires that "more than a mere scintilla" of evidence support the ALJ's findings. *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). In undertaking this review, it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

## IV. DISCUSSION

On appeal to this Court, Mr. Holland alleges that the ALJ erred by failing to properly evaluate the opinion of Todd Morton, Ph.D., a consultative examiner, regarding Mr. Holland's mental health. Accordingly, Plaintiff asks the Court to find that the ALJ's RFC determination is not supported by substantial evidence and remand this case for further administrative proceedings, including a *de novo* hearing and decision. More specifically, Plaintiff argues that the ALJ failed to provide adequate reasoning for his "rejection" of Dr. Morton's opinion in the written decision. Doc. No. 17 at 4.

Determinations as to the persuasiveness of consultative medical opinions will not be disturbed absent some indication of specious inconsistencies or lack of proper justification. *See Koonce v. Apfel*, 166 F.3d 1209, at *2 (4th Cir. 1999) (table). When explaining an RFC determination, the ALJ must "build an accurate and logical bridge from the evidence to [their] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). However, the ALJ is not required to address every piece of evidence presented when explaining their findings. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is afforded great deference in determining the persuasiveness of outside records. To that end, the ALJ may place less value in a

consultative medical opinion if it is not supported by clinical evidence or if it is inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1427(3)–(4).

Looking to the ALJ's written decision, he properly evaluated Dr. Morton's opinion in the context of the longitudinal record and explained his determination to afford the opinion little weight in sufficient detail. In discussing Dr. Morton's opinion, the ALJ stated:

> I have considered the March 2018 opinion from the psychological consultative examiner, Todd Morton, Ph.D., but find it to be unpersuasive. Dr. Morton's opinion that the claimant has severe problems with hyperactivity and distractibility resulting in moderate difficulty recalling simple instruction is not consistent with findings in the longitudinal record. In particular, I note the claimant's testimony at the hearing as well as treatment notes where the claimant reports that medication has helped his concentration, that he does not feel depressed or anxious, and that he is feeling good with a stable mood.

Tr. at 21 (internal citations omitted). Plaintiff's medical records indicate diagnoses of ADHD, depression, and anxiety. *Id.* at 19–20. Treatment for these diagnoses is limited to medication prescribed by Plaintiff's primary care physician. *Id.* at 20. Since beginning an adjusted dosage, Plaintiff has reported improved concentration, sleep, and mood stabilization. *Id.*

The ALJ does not dispute Dr. Morton's finding of mental impairments and recognizes several limitations flagged by Dr. Morton and supported by Mr. Holland's medical records. *Id.* at 19. Rather, the crux of the parties' disagreement rests on the severity of the impairment in determining Mr. Holland's limitations. When determining the severity of impairments, those that "can be reasonably controlled by medication or treatment" are not considered disabling. *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). Although the severity of symptoms of an individual's mental illness may "wax and wane" throughout treatment (*see Testamark v. Berryhill*, 736 F.App'x 395, 398–99 (4th Cir. 2018)), the record here consistently reflects generally mild findings when coupled with effective pharmacological therapy. Tr. at 20–21. This is consistent with Plaintiff's testimony and treatment notes, which indicate that medication has improved his concentration and reduced his depression and anxiety. *Id.* at 17–21. Conversely, the record is

devoid of any evidence of emergent or specialized in-patient mental health treatment, which is inconsistent with disabling symptoms and limitations. *Id.* at 20. In sum, the longitudinal record provides sufficient evidence to justify the ALJ's determination of moderate limitations when calculating Mr. Holland's RFC. Accordingly, Plaintiff has failed to make a showing of specious inconsistencies or lack of justification sufficient for this Court to reverse the ALJ's findings.

## V. ORDER

The ALJ's decision, therefore, is hereby **AFFIRMED**; Plaintiff's Motion for Summary Judgement (Doc No. 16) is **DENIED**; and the Commissioner's Motion for Summary Judgement (Doc. No. 18) is **GRANTED**.

**SO ORDERED**.

Signed: August 24, 2021

Kenneth D. Bell
United States District Judge